The opinion of the Court was delivered by
O’Neall, J.
In this case we think the facts well warranted the jury in finding, that the consideration of the note was for money lent to game with, within the knowledge of the payee. This brings the case within 9 Anne, C. 14, 2 Stat. 505, and the 5th sec. of the Act of 1791, both of which declare, “all notes,” &e., “ for the reimbursing or repaying of any money knowingly lent or advanced to' game, with, to be utterly void, frustrate, and of none .effect, to all intents and purposes whatsoever.” There can, therefore, be no doubt that the note is not only void between the parties, but also that it is so even in the hands of an innocent holder. This is necessarily the case from the fact, that the note is declared by law to be void; no subsequent matter can make it valid. The case of Tidmore vs. *265 Boyce, 2 Mill, 200, is an analogous case, and if authority be necessary, is decisive of the point.
The note here given for money lent to game with, in the knowledge of the lender, being void, the verdict for the defendant is right, unless the plaintiff, the endorsee, can fall back on something else, which can sustain his case. He alleges that although the note is void, yet that the contract for the money lent remains unaffected by the law, and on that he can recover. Let it be conceded to be law for the present, that the money lent may be recovered by the lender, still that will not help the plaintiff; for he is the mere endorsee of the security, the note, which is void, and can have therefore no rights. For the endorsement of a void security does not convey any thing — it may operate to charge the endorser absolutely — but it can convey no right to any cause of action which the payee may have outside of or behind the bill. The case of Fairlie vs. Denton & Barker, cited by the learned counsel from 8 Barn. & Cres. 395, (15 Eng. C. L. Rep. 247,) plainly supports the position. For Lord Tenterden, C. J., begins his opinion by saying, “ It is a general rule of Mw that a chose in action cannot be assigned.” What is the “verbal contract” here relied on to pay the money lent? Beyond all doubt it is a chose in action, and not being assignable so as to give a right of action to the assignee in his own name, it follows he cannot sustain his action as endorsee under it. But it is said'there is a count on a subsequent promise by the defendant to the endorsee to pay the note, and this is supposed may' be considered as a promise to pay the consideration. But surely that cannot be so. If it was, it would be giving effect beyond the words. I have no doubt, as is stated in Fairlie vs. Denton & Barker, that where A. is indebted to B., and C. is indebted to A., and it is agreed that C. should pay A.’s debt to B. in discharge‘of C.’s debt to A., and thereupon B. accepts him and discharges A., that B. can maintain an action against C. So too, I have no doubt, if a parol contract, not assignable *266 at common law, is by writing or delivery transferred to a third person, and the debtor promise to pay it, that an action can be maintained. For the consideration in both cases is sufficient and the promise is express. The case of Hockaday ads. Willis, 1 Speer, 379, goes very far to show that there could be .no consideration for the subsequent promise relied on in this case. For in that case it was ruled, that a conveyance for property lost at play was void under the Statute of Anne, and that its assignment (unaccompanied by actual delivery of the goods) could be no consideration for a note or other promise.
The case of George vs. Stanley, cited from 4 Taunt. 683, cannot help the plaintiff, for although that case purports to decide that the renewal of bills given for a gaming debt to an innocent holder would be valid, yet ’it is to be remarked, the Court did not decide on that naked proposition. For the defendant had also confessed a judgment, and that certainly makes a very marked difference. The Court was not asked to enforce the contract, but to set aside the judgment.
So far I have assumed what at one stage of the argument I was willing to concede, to wit., that the verbal contract to pay the money lent might be enforced, notwithstanding the security was void. The case of Carson vs. Rambert, 2 Bay, 561, on the authority of the case of Robinson vs. Bland, 2 Burr. 1082, so ruled; and although it always was a decision for which I could not give a satisfactory reason, yet until the argument here, I never could see my way clear to overrule it. In the argument Cannon vs. Brice, 3 Barn. & Al. 179, and M'Kinnell vs. Robinson, 3 Mees. & Wels. 434, were cited, and they having substantially overruled Robinson vs. Bland, as it was understood in Carson vs. Rambert, I have been enabled to see my way clear to the overruling of the. doctrine, that notwithstanding the security is void, the consideration or contract as it is called remains. In Cannon vs. Brice, 3 Barn. & Ald. 179, it was ruled, that money received by the defendant under assignments executed by a partner, of three cargoes, two belonging to the *267 firm, and the other to himself, to be applied to a bond of the partners, given to make good money loaned to compound a stock jobbing transaction, might be recovered by their assignees as bankrupts. It appeared in that case, that by the Stat. 7 G. 2, c. 8, stock jobbing is unlawful, and by the 5th section it is declared to be unlawful to pay or receive money under a composition for not transferring any public stock. Abbott, C. J., said, “ The Court is bound in the administration of the law to consider every act to be unlawful which the law has prohibited to be done;” and in another part of his opinion, after holding the payment by the party to the composition to be unlawful, he says, speaking of the law, “How can it be lawful for another to furnish, him with the means of payment ?” This authority, and this reasoning touch, as will be seen hereafter, the ground on which I place my opinion. The case of M‘Kinnell vs. Robinson, 4 Meeson & Wellsby, 434; is, however, more directly to the point. In that it was held, that money lent for the purpose of gaming and of playing with an illegal game, such as hazard, cannot be recovered back. Lord Abinger, C. B., who delivered the judgment, said, that the “principle is, that the repayment of money lent for the express purpose of accomplishing an illegal object cannot be enforced;” and he held, that as the game played, for the purpose of playing which the money was loaned, was declared to be illegal by the Stats. 12 Geo. 2, c. 28, secs. 2 and 3, and 18 Geo. 2, c. 34, sec. 2, the money loaned could not be recovered; and this, with the Stat. of 9 Anne, C. 14, and the cases decided under it, before him. The same result must here follow, notwithstanding the case of Carson vs. Rambert. For although the judges did then advert to the Act of 1802, 5 Stat. 432, which declares gaming unlawful, yet they did not consider the effect which that would have on a loan to enable a party to game. The Act of 1816, 6 Stat. 27, has declared all gaming of the kind in which the defendant was unfortunately engaged, to be unlawful, and has subjected the parties to heavy punishment by fine not exceed *268 ing five hundred dollars, and imprisonment not exceeding twelve months. Such gaming the Court, as is said by Abbott, C. J., in Cannon vs. Brice, is bound to “ consider unlawful,” and if it be unlawful for the defendant to play, “ how can it be lawful for 'another to furnish him with the means.” So, too, as is said in M'Kinnell vs. Robinson, “ the money lent cannot be recovered, for it is lent for the express purpose of a violation of the law, and enabling the borrower to do a prohibited act.” The principles thus educed from our statute law, and the analogies of English cases, has the support of the case of Rice vs. Gist, 1 Strob. 82, in which we declared all wagers to be .unlawful. We have therefore concluded, on a full review, that it is better at once to say, that not only the security for the reimbursement of money lent to play with is void, but also that the money itself cannot be recovered back.
The motion is dismissed.
Wardlaw, Withers, Whitner, Glover and Mukro, JJ., concurred.

Motion dismissed.